IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KELLY PATRICK AMOS #01980944 | § | |
| | § | |
| V. | § | A-16-CA-130-LY |
| | § | |
| THE UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH-BARTLETT UNIT | § | |
| CORRECTIONAL MANAGED HEALTH | § | |
| CARE and UTMB PHYSICIAN'S ASST. | § | |
| DEBRA A. KNIGHTSTEP[1] | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Defendants' Motion for Summary Judgment (Document No. 16); Defendants' Sealed Exhibits (Document No. 17); Plaintiff's Motion to Decide in Favor of Plaintiff Without Further Proceedings (Document No. 20); and Plaintiff's response to the motion for summary judgment (Document No. 21). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

---

[1] Defendants indicate the proper spelling for this defendant is Knightstep. "Knightstep" shall be substituted for "Nightstep."

1

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Bartlett State Jail. He was subsequently released. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging he received inadequate medical care while confined in the Bartlett State Jail. According to Plaintiff, on January 1, 2016, he was prescribed medication for blood pressure by physician's assistant Debra A. Knightstep. Plaintiff contends he suffered serious side effects. On January 3, 2016, Plaintiff asserts he was taken to Scott and White Hospital in Temple, Texas. Plaintiff believes he suffered a mild heart attack and was in jeopardy of losing the retina of his right eye. Plaintiff maintains the vision in the right eye was lost as a direct result of over medication. Plaintiff asserts he had taken the prescribed medications for three days. According to Plaintiff, he was returned to the Bartlett State Jail and was subsequently sent to UTMB-Galveston after January 31, 2016. He asserts he has now lost the vision in his right eye and may lose the vision in his left eye sometime in the future. Plaintiff indicates he filed a grievance regarding his medical care, but the grievance has not been answered.

Plaintiff sues the University of Texas Medical Branch - Bartlett Unit Correctional Managed Health Care and UTMB employee Debra A. Knightstep. Plaintiff requests the Court to "send down the order for UTMB to provide long term care and immediate medical care including eye specialist plus physical and psychological rehabilitation, job training, and placement, subsistence funds, and reimbursement for pain and suffering associated with the loss of an eye, coordination, confidence and wages."

Defendants move for summary judgment arguing UTMB and Knightstep in her official capacity are entitled to Eleventh Amendment immunity. Defendants also argue that Plaintiff's

claims do not rise to the level of deliberate indifference. They conclude Plaintiff has not shown his constitutional rights were violated. Defendant Knightstep also argues she is entitled to qualified immunity. Finally, Defendants argue Plaintiff did not exhaust his administrative remedies before he filed his lawsuit.

## II. ANALYSIS

### A. Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[2]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id.

---

[2] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553.  The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)).  To the extent facts are undisputed, a Court may resolve the case as a matter of law.  Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

    B.    Exhaustion

Plaintiff is required under § 1997e(a) to exhaust administrative remedies before filing suit.  See 28 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 202, 127 S. Ct. 910, 914 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).  Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Because exhaustion is an affirmative defense, Defendant, the party moving for summary judgment, has the burden to demonstrate Plaintiff failed to exhaust available administrative remedies and was required to establish "beyond peradventure all of the essential elements of the defense of exhaustion to

warrant summary judgment" in his favor. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).[3] The Texas prison system has a two-step formal grievance process. Johnson, 385 F.3d at 515. "[A] prisoner must pursue a grievance through both steps for it to be considered exhausted." Id. (citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001)).

Viewing the evidence in the light most favorable to Plaintiff, the summary judgment evidence reveals no genuine issue of material fact on the issue of whether Plaintiff completed the required two-step grievance procedure at the Bartlett State Jail. In his complaint, Plaintiff alleges he submitted his medical grievance on January 7, 2016, to the unit grievance officer, the Governor, and the Inmate Liaison Office but he never received a response. The grievance rules for offenders require an offender to complete a Step 1 grievance within 15 days from the date of the alleged incident or occurrence of the issue presented and forward the grievance to the unit grievance investigator. The rules provide the Step 1 process for medical grievances may take up to 45 days. Plaintiff executed his civil rights complaint on February 9, 2016, less than 45 days after he submitted his grievance and before he received a response to his Step 1 grievance. Moreover, there is no evidence Plaintiff ever attempted to file a Step 2 grievance. Accordingly, summary judgment should be granted due to Plaintiff's failure to exhaust his administrative remedies before he filed his civil rights complaint.

### C.   Eleventh Amendment Immunity

Summary judgment should also be granted on the merits. Being sued in her official capacity for monetary damages, Defendant Knightstep is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp.

---

[3] In Dillon, the Fifth Circuit joined the Seventh, Ninth, and Eleventh Circuits and held factual disputes concerning exhaustion may be resolved by the judges. Id. at 271.

v. Halderman, 465 U.S. 89 (1984).  The University of Texas Medical Branch is also immune from suit.  See University of Texas Medical Branch at Galveston v. Mullins, 57 S.W.3d 653, 657 (Tex. App. 2001) ("It is undisputed that UTMB is a governmental entity entitled to assert sovereign immunity.").  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states.  Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.  Green v. State Bar of Texas, 27 F.3d 1083,1087 (1994).

      D.      Qualified Immunity

Defendant Knightstep is also entitled to qualified immunity.  A government official performing a discretionary function is entitled to qualified immunity unless his actions violate a clearly established right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where, as here, a defendant invokes qualified immunity in a motion for summary judgment, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity.  See Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).  That is, the plaintiff must present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff, and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right.  See id.; Pearson v. Callahan, 555 U.S. 223, 232 (2009).

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish

6

an unconstitutional denial of medical care, Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); and "negligent medical care does not constitute a valid section 1983 claim," Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). Deliberate indifference requires a showing that the official was subjectively aware of the risk of serious harm. Id. at 829. This very high, subjective standard has not been met in the instant case.

As explained by Defendants, Plaintiff was afforded extensive medical treatment for his high blood pressure as well as for his vision issue, as evidenced by the abundance of medical records and multiple examinations by health care providers, including Defendant Knightstep. Moreover, the medical evidence strongly suggests that Plaintiff's own refusal to take his blood pressure medications is the reason for his vision problem. Accordingly, Plaintiff has failed to establish a violation of his constitutional rights.

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment [#16] and **DENY** Plaintiff's Motion to Decide in Favor of Plaintiff Without Further Proceedings [#20].

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

SIGNED this 28th day of July, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE